# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1550 | **DATE** | 5/19/2004 |
| **CASE TITLE** | Daniels vs. Bursey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, plaintiff's motion to disqualify counsel and alternatively for an order of contempt is denied. Pursuant to the authority granted by Federal Rule of Civil Procedure 16, the Court directs each of the plaintiffs, and a responsible corporate representative of each of the "administrative" and "Benistar" defendants, to appear in person along with their counsel at a status hearing to be held on 6/11/04 at 1:30 p.m. Counsel for the other defendants are to attend as well but need not have a client representative present.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAY 21 2004 | |
| ✓ | Docketing to mail notices. | | | | 237 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT | | |
| OR | courtroom deputy's initials | | 2004 MAY 20 AM 11:17 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN DANIELS, et al.,

    Plaintiffs,

vs.

WAYNE BURSEY, et al.,

    Defendants.

Case No. 03 C 1550

DOCKETED
MAY 2 1 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Before my appointment to this Court's bench in June 1999, I litigated and tried both criminal and civil cases in various federal and state courts for fifteen years as a member of a small law firm. Before that, from 1981 to 1984, I practiced as a litigator with a larger law firm and served as a law clerk to a judge of this Court. During my years at the bar, I had the privilege to serve as counsel for clients in many hotly-contested matters that involved enormous stakes: their lives, their liberty, and their fortunes. But despite the stakes involved in these cases, I can count on one hand, without using all the fingers on that hand, those in which the lawyers engaged in personal attacks on each other or otherwise descended into serious incivility. I never observed such conduct in a criminal case, not even in the most serious ones (the capital cases) in which I participated as counsel.

As a judge for five years, I have likewise had the opportunity to preside over nearly two thousand civil and criminal cases. The cases in which I have observed lawyers "getting personal" and attacking each other are rare indeed. Of the 250 or so civil cases that are pending

237

on my call at any given time, at most one or two are "problem" cases. What I mean by a "problem" case is a case in which the lawyers can see only the leaves on the trees, not the trees themselves and certainly not the forest, and as a result every issue, no matter how small or unimportant, is fought tooth and nail; or one in which the basic norms of civility are disregarded even when the parties are communicating with the Court. I am not so naive as to think that lawyers are always polite to each other when they are not before the court. As I have said elsewhere: "Most incivility takes place outside the courtroom. Most lawyers are savvy enough to realize that it is not a good idea to misbehave when you are in church." M. Kennelly, "From Lawyer to Judge," 4 Litigation 3 (ABA, Summer 2001). But incivility and personal attacks that appear in papers filed with the Court – attacks that are made not in the heat of the moment but rather after having the opportunity to reflect – are rare in my experience. Nearly all lawyers understand that

> [w]hen a lawyer takes every opportunity to attack the other side's integrity, liberally spices written or oral presentations with nasty hyperbole, always refuses discovery rather than making a real effort to work things out, behaves in an obstructionist way in a deposition, and so on, and this comes to the judge's attention, the lawyer earns a scarlet letter that he wears whenever he comes to the court.

*Id.*

Unfortunately, these rather elementary principles have been forgotten by several of the lawyers in this case, assuming they understood them to begin with. The level of invective in these lawyers' presentations in this case has far exceeded the high end of the normal range. And at least some of the disputes have been without precedent in my own experience. For example, defendants filed a 14-page memorandum opposing the application of an attorney for plaintiffs to

appear in this Court *pro hac vice* (the objection was overruled). Not to be outdone, the *pro hac vice* attorney who prevailed on that motion has now penned his own motion, filed on plaintiffs' behalf, seeking to bar the *pro hac vice* admission of one of the attorneys for a group of defendants referred to in the case as the "administrative defendants" and to disqualify two other attorneys for those defendants. The filing of that motion is part of what occasioned the entry of this Memorandum Opinion, though, as will be seen momentarily, it was not the only proximate cause of my dismay.

Yesterday I sat down to read the briefs filed on plaintiffs' motion for a preliminary injunction, in which they seek appointment of a receiver to replace one of the administrative defendants as administrator of the ERISA-governed plan that is at issue in this case. Before I finished the first page of the administrative defendants' response to the motion, I read the following :

> Plaintiffs and their counsel have gone far beyond the realm of acceptable advocacy. Their motion, brief, and so-called "Summary of Facts of Record" are replete with such farfetched and outright false "factual" allegations *that they sound like the ravings of a deranged and delusional paranoid who has spun completely out of control.*

Administrative and Benistar Dfdts' Mem. in Opp. to Pltfs' Mot. for Prelim. Inj. at 1 (emphasis added). While I was still trying to grasp the obviously unintentional irony of defense counsel's reference to "the realm of acceptable advocacy," I was handed a copy of the previously referenced motion filed by plaintiffs seeking to disqualify various counsel for the administrative defendants. The first page of that submission included the following:

> This motion is not filed lightly. It is the result of two years of abuse plaintiffs have suffered capped by recent despicable acts, including the filing of a frivolous lawsuit against plaintiffs and plaintiffs' current and former counsel for initiating

3

> this suit. *These acts are of the ilk that have sullied the legal profession and tarnished the view of lawyers in the public's eye.* Plaintiffs request this remedy to bring sanity to this litigation *before it becomes further polluted by serial litigators with a history of being sanctioned and who are intent on preventing any reasonable resolution of this case.*

Pltfs' Mem. in Supp. of Mot. to Disqualify Counsel at 1 (emphasis added).

The attorneys who wrote and approved these words should be ashamed of themselves. It goes without saying that the parties on both sides of high-stakes civil cases often find their veracity, integrity, competence, and reputation under attack, not to mention their economic well-being. It is understandable that the parties in such cases sometimes take it personally and react negatively. But taking it personally is not the role of counsel. The lawyer's office does not include acting as the channeler of the client's anger and frustration. To put it another way, a lawyer is not, contrary to the colloquialism, a "mouthpiece" for his client. A lawyer representing a client can and must represent the client zealously. Sometimes, to be sure, this involves striking hard blows. But the punches must be thrown fairly. And personal attacks of the type made by the attorneys who filed the papers quoted above are rarely, if ever, justified. Our system of justice does not work, or at least does not work well, if lawyers act like professional wrestlers hyping the next match rather than as members of the honorable profession to which they belong.

The personal attacks quoted above fall outside the bounds of acceptable advocacy. The Court will no longer tolerate such conduct in this case. Defendants' *pro hac vice* counsel Richard Order of Hartford, Connecticut, on whose behalf the first submission quoted above was signed, and plaintiffs' *pro hac vice* counsel John J. Koresko V of Bridgeport, Pennsylvania, who signed the second submission quoted above, are ordered to show cause in writing within 7 days of this order why they should not be personally fined, pursuant to the Court's inherent authority

and/or under 28 U.S.C. § 1927 for vexatiously multiplying the proceedings in this case. Additionally, both Mr. Koresko and Mr. Order are warned that if such conduct is repeated, the Court's orders granting them admission to the bar of this Court *pro hac vice* will be vacated, and they will be reported to the Court's Executive Committee and to the relevant state bars for consideration of further disciplinary action.

Plaintiffs' motion to disqualify counsel for the administrative defendants, and alternatively for an order of contempt, is denied, and it will not be called by the Court at the motion call scheduled for May 21. The motion is premised on defendants' counsel's alleged filing of frivolous lawsuits against plaintiffs and their attorneys in other jurisdictions. The Court has no intention of reviewing the merits of those lawsuits to determine whether they have a reasonable basis in law and fact. If the lawsuits are in fact frivolous, plaintiffs and their attorneys will have a remedy available to them in the courts where the other cases were filed. And if, as plaintiffs contend, the claims in the other lawsuits should have been brought as compulsory counterclaims in the present case, plaintiffs have remedies available both in the courts where the other cases were filed and in this Court. *See generally* C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1418 at 144-46 (1990 & Supp. 2004). Disqualification of counsel is not the appropriate remedy.

## Conclusion

For the reasons stated above, plaintiffs' motion to disqualify counsel and alternatively for an order of contempt is denied. Plaintiffs' counsel John Koresko V and defendants' counsel Richard Order are ordered to show cause in writing within 7 days of this order why they should not be sanctioned. Mr. Koresko and Mr. Order are also directed to provide a copy of this

5

Memorandum Opinion to each of their clients and to certify to the Court in writing, within 7 days of this order, that they have done so. In addition, pursuant to the authority granted by Federal Rule of Civil Procedure 16, the Court directs each of the plaintiffs, and a responsible corporate representative of each of the "administrative" and "Benistar" defendants, to appear in person along with their counsel at a status hearing to be held on June 11, 2004 at 1:30 p.m. Counsel for the other defendants are to attend as well but need not have a client representative present.

                                                      _____
                                                      MATTHEW F. KENNELLY
                                                      United States District Judge

Date: May 19, 2004