# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1550 | **DATE** | 8/5/2004 |
| **CASE TITLE** | Daniels vs. Bursey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants in part and denies in part Prudential and Murphy's motion to dismiss the Administrative defendants' cross-claim (228,245).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 10 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 299 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| OR | courtroom deputy's initials | 2004 AUG -9 PH 3:15 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN DANIELS, et al., and similarly ) 
situated individuals, )
 )
        Plaintiffs, )
 )
vs. )   Case No. 03 C 1550
 )
WAYNE BURSEY, et al., )
 )
        Defendants. )

DOCKETED
AUG 1 0 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case concerns the marketing and administration of a "severance trust executive program" (STEP) plan, a type of employee welfare benefit plan targeted to employers with highly compensated employees. John Daniels and Manuel Sanchez, along with other partners and employees of the Chicago-based Sanchez & Daniels law firm, and on behalf of a putative class of STEP Plan investors, sued Step Plan Services, Inc., its principals and predecessors (referred to in this litigation as the "Administrative Defendants"), and several insurance companies (including Prudential Insurance Company and its agent Thomas Murphy), alleging that the defendants violated the Employee Retirement Income Security Act (ERISA), the Illinois Consumer Fraud Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), and their common law duty of care. The various defendants have filed two rounds of motions to dismiss that were granted in part and denied in part. The Court declined to dismiss the ERISA, breach of duty of care and RICO claims against the Administrative Defendants. The Court also allowed the plaintiffs to proceed on their fraud claim against the insurance companies as well as their claim

299

that the insurance companies knowingly participated in the Administrative Defendants fiduciary breach. For a detailed factual background of the case, see *Daniels v. Bursey*, 313 F. Supp. 2d 790 (N.D. Ill. 2004).

The Administrative Defendants have filed a cross-claim against Prudential and Murphy seeking indemnification or contribution under New York or Illinois law in the event that the Administrative Defendants are found liable for conduct in which Prudential or Murphy participated or from which they benefitted. In particular, the Administrative Defendants argue they are entitled to indemnification or contribution from Prudential and Murphy if they are found liable for misrepresentations that Prudential and Murphy made in marketing the STEP Plan or changing STEP Plan documents for Prudential's benefit. Prudential and Murphy have moved to dismiss the cross-claim, arguing that because the Court has already found the Insurance Companies were not fiduciaries, the Administrative Defendants have no right to indemnification under ERISA or state law. For the reasons stated below, the Court denies in part and grants in part Prudential and Murphy's motion to dismiss the cross-claim.

## Analysis

The plaintiffs' allegations regarding changes made to the STEP Plan documents and misrepresentations made by Prudential and Murphy in marketing the Plan involve the Administrative Defendants only in the context of Count 2, which alleges the Administrative Defendants violated ERISA or, in the alternative, a common law duty of care, or Counts 6 and 8, which allege the Administrative Defendants violated RICO and conspired to commit a RICO violation. The Court has a difficult time seeing how the Administrative Defendants could be found liable for Prudential or Murphy's conduct, which is the subject of Counts 2 and 5. But when considering a motion to dismiss for failure to state a claim upon which relief can be

granted, the Court reads the complaint liberally, granting the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted). At this point in the litigation, the Court cannot say that there is no set of facts under which the Administrative Defendants could be held liable for Prudential and Murphy's conduct.

But saying the Administrative Defendants could be held liable for Prudential and Murphy's conduct does not mean the Administrative Defendants can seek indemnification or contribution from them. The Administrative Defendants argue that they are entitled to indemnification or contribution under New York law. They maintain New York law applies because the STEP Plan documents contained a choice of law provision electing New York law. Prudential and Murphy argue that the Administrative Defendants do not have a right to indemnification or contribution under either New York or Illinois law. But what both parties miss entirely is that the Administrative Defendants' right to indemnification or contribution on the federal claims is, in the first instance, an issue of federal law.[1]

The Seventh Circuit has stated that "[w]here contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law." *Donovan v. Robbins*, 752 F.2d 1170, 1179 (7th Cir. 1985) (citations omitted). The court derived this rule from the

---

[1] Because of ERISA's preemptive effect on state-law claims, the Administrative Defendants can seek indemnification or contribution under state law only if they are found not to be ERISA fiduciaries under ERISA but rather to have violated their common law fiduciary duty to the plaintiffs, which the plaintiffs have alleged as an alternative basis for liability in Count 2. The Court need not determine at this time whether the Administrative Defendants can seek contribution under state law if they are found to have violated a common law duty of care because, as we explain below, they have stated a claim for contribution under ERISA and thus dismissal is inappropriate.

legislative history of ERISA, explaining that "it [is] extremely unlikely that Congress would have wanted ERISA fiduciaries to be subject to the vagaries of state contribution law – a body of law so various, mutable, complex, and uncertain that its application to ERISA fiduciaries might well result in subjecting them to inconsistent duties and a risk of multiple liability. ERISA fiduciaries are entitled to a uniform nationwide rule (we realize that such a rule may not emerge till the Supreme Court decides the question)." *Id.* at 1180. There is no basis to believe that the general rule that federal law governs the right of contribution for damages assessed for violating federal statutes is restricted to ERISA violations. *Cf. Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981) (analyzing right of contribution under Sherman and Clayton Acts as a matter of federal law); *Musick, Peeler & Garrett v. Employers Insurance of Wausau*, 508 U.S. 286 (1993) (analyzing contribution in SEC Rule 10b-5 action as a matter of federal law). Thus the Administrative Defendants' right to seek indemnification or contribution if they are found to have violated ERISA or RICO depends on whether federal law creates a right of indemnification or contribution for ERISA and RICO violations.

*Right to contribution or indemnification under ERISA*

First, we consider what, if any, right to contribution exists for a fiduciary found liable for damages under ERISA. The Seventh Circuit has held that "where an ERISA plan suffers losses and where the plan participants and beneficiaries have established a cause of action on their own behalf or on behalf of the plan assets against one fiduciary, that fiduciary may seek indemnification or contribution from co-fiduciaries in accordance with 29 U.S.C. § 1105(a)." *Alton Memorial Hospital v. Metropolitan Life Insurance Co.*, 656 F.2d 245, 250 (7th Cir. 1981). The court reasoned that "Congress intended to protect trustees from being ruined by the actions of their cofiduciaries, both because the language of ERISA provides protection for co-trustees

4

and because Congress evidenced an intent to apply general trust principles to the trustee provisions of ERISA." *Free v. Briody*, 732 F.2d 1331, 1337 (7th Cir. 1984). But the Seventh Circuit has since indicated that the right to contribution under ERISA is "still unsettled," *Lumpkin v. Envirodyne Industries, Inc.*, 933 F.2d 449, 464 n.10 (7th Cir. 1991), and the circuits have split on the issue.

The Ninth Circuit has rejected the right to contribution under ERISA, reasoning that because the Supreme Court has said § 409 of ERISA provides remedies only for the benefit of the *plan*, it "cannot be read as providing for an equitable remedy of contribution in favor of a breaching fiduciary." *Kim v. Fujikawa*, 871 F.2d 1427, 1432 (9th Cir. 1989) (emphasis in original; citing *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 141-42 (1984) and *Call v. Sumitomo Bank*, 689 F. Supp. 1014, 1017-20 (N.D. Cal. 1988)). In denying contribution under ERISA, the court also relied on *Texas Industries*, in which the Supreme Court held there is no right to contribution under the Sherman or Clayton Acts because allowing for contribution would undermine the punitive design of the treble damages remedy for antitrust violations. The Ninth Circuit concluded that "implying a right of contribution is particularly inappropriate where, as in this case, the party seeking contribution is a member of the class [e.g., fiduciaries] whose activities Congress intended to regulate for the protection and benefit of an entirely distinct class [e.g., ERISA plans], and where there is no indication in the legislative history that Congress was concerned with softening the blow on joint wrongdoers." *Id.* at 1433 (internal quotation marks omitted; citing *Texas Industries*, 451 U.S. at 639).

But analyzing the same cases, the Second Circuit has concluded that "the traditional trust law right to contribution must also be recognized as a part of ERISA." *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 16 (2d Cir. 1991). The court first noted that "[t]he

5

Supreme Court has left no doubt that courts are to develop a federal common law of rights and obligations under ERISA-regulated plans." *Id.* at 16 (internal quotation marks omitted; citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989)). The court further explained that the Supreme Court

> has stated: "ERISA abounds with the language and terminology of trust law. . . . ERISA's legislative history confirms that the Act's fiduciary responsibility provisions, 29 U.S.C. §§ 1101-1114, 'codify and make applicable to ERISA fiduciaries certain principles developed in the evolution of the law of trusts.'" We thus hold that the federal courts have been authorized to develop a federal common law under ERISA, and in doing so, are to be guided by the principles of traditional trust law.

*Id.* (quoting *Firestone*, 489 U.S. at 110; other citations omitted). The court concluded that fiduciaries have a right to contribution from co-fiduciaries under ERISA because "indisputably," "the right of contribution among co-trustees has been for over a century, and remains, an integral and universally-recognized part of trust doctrine." *Id.* (citing Restatement (second) of Trusts § 258 (1959), G. Bogert, Law of Trusts and Trustees, § 701 (rev. 2d ed. 1982)).

The court said that *Texas Industries* and *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77 (1981), in which the Supreme Court rejected the right to contribution under the Equal Pay Act and Title VII, were distinguishable.

> Although it rejected the authority of the federal courts to develop a federal common law under the antitrust laws, Title VII, and the Equal Pay Act, the Supreme Court drew a sharp contrast with other areas of the law, such as admiralty and labor relations, where our power to fashion rules of federal common law is well established. Just as with the Labor Management Relations Act, under ERISA, both the legislative history and the statute itself clearly contemplate development of a federal common law. Thus, *Texas Industries* and *Northwest* are not impediments to our holding that, under ERISA, a federal common law, including the traditional trust concept of a right to contribution, is appropriate.

*Chemung Canal Trust*, 939 F.2d at 17. Similarly, the court found *Russell* was not dispositive because "the decision in *Russell* did not discuss the availability of federal common law remedies,

6

either for participants, who are granted a variety of express personal remedies by the statute, or more pertinently, for others who, like fiduciaries, are granted no express personal remedies by the statute." *Id.* at 18.

In concluding that a fiduciary could seek indemnification from a co-fiduciary, the Seventh Circuit – like the Second Circuit – looked to the common law of trusts.

> In enforcing the liabilities of co-trustees equity considers where the burden shall ultimately fall, in view of the part which each trustee took in the transaction. If one trustee is solely or principally active in the commission of the breach, and the other trustee was passive or only nominally a participant, the court may, in the exercise of its discretion, grant the latter a right of indemnity against the former and throw the entire burden on him who was most blameworthy.

*Free*, 732 F.2d at 1338 (quoting G. Bogert, Trusts & Trustees § 862 (2d ed. 1962)). In *Harris Trust & Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238 (2000), the Supreme Court reconfirmed the value of looking to the common law of trusts to elucidate the rights and duties incorporated into ERISA. *Harris Trust* did not address the right of contribution under ERISA, so a circuit split remains. But the right to contribution between co-fiduciaries is the law in the Seventh Circuit, and the justification for the rule provided in *Free, Chemung Canal Trust* and *Harris Trust* persuade us that the rule of this and the Second Circuit is the right one.

However, the right of a fiduciary to seek contribution from a co-fiduciary does not give the Administrative Defendants the right to seek contribution from Prudential and Murphy, as we have previously concluded that the insurance company defendants were not fiduciaries under ERISA. *See Daniels*, 313 F. Supp. 2d at 806. But, relying on *Harris Trust*, we went on to conclude that under ERISA, the insurance companies can be held liable for "knowingly participat[ing] in conduct that constituted a breach of fiduciary duty by those who controlled the Plan assets – that is, the Administrative Defendants." *Id.* at 809. Thus the question before the

7

Court is whether a fiduciary found liable for violating ERISA can seek indemnification or contribution from a party that knowingly participated in the fiduciary's breach but is not himself a fiduciary.

The Court is unaware of any Seventh Circuit cases directly on point. We have found two circuit court cases in which the issue was raised but not decided. *See Whitfield v. Lindeman*, 853 F.2d 1298, 1303 (5th Cir. 1988); *McDannold v. Star Bank*, 261 F.3d 478, 485 (6th Cir. 2001). Several district courts have grappled with this issue with mixed results. *See Petrilli v. Gow*, 957 F. Supp. 366, 374-75 (D. Conn. 1997) (listing district courts that have divided on the issue). The courts that concluded that fiduciaries did not have a right to contribution or indemnification reasoned that because "non-fiduciaries cannot be sued directly by plaintiffs, a right of contribution and indemnification in this context" would be inappropriate. *Id.* at 375. *See also, e.g., National Electrical Benefit Fund v. Heary Brothers*, 931 F. Supp. 169, 191-93 (W.D.N.Y. 1995); *Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities, Inc.*, 823 F. Supp. 1191, 1194-95 (E.D. Pa. 1993). But in *Harris Trust*, the Supreme Court dispelled the premise on which these cases were based by concluding that a non-fiduciary *can* be held liable for knowingly participating in a fiduciary's breach. *Harris Trust*, 530 U.S. at 246-47. Because the district courts that have found no right to contribution did so before *Harris Trust* was decided, their decisions are effectively obsolete.

As previously discussed, the Supreme Court and Seventh Circuit advise that where ERISA is silent on the remedies available, the courts should look to the common law of trusts to elucidate the scope of the statute. The Seventh Circuit has explained that the legislative history of ERISA makes clear that "Congress intended to codify the principles of trust law with whatever alterations were needed to fit the needs of employee benefit plans." *Free*, 732 F.2d at 1337-38

8

(citations to legislative history omitted). More recently, the Supreme Court has stated that the common law of trusts should serve as the "'starting point for analysis of ERISA unless it is inconsistent with the language of the statute, its structure or its purposes.'" *Harris Trust*, 530 U.S. at 250 (quoting *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 447 (1999)). To determine whether a non-fiduciary could be held liable under ERISA for knowingly participating in a fiduciary's breach, the Supreme Court relied in part on the common law of trusts.

> [I]t has long been settled that when a trustee in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third person takes the property subject to the trust, unless he has purchased the property for value and without notice of the fiduciary's breach of duty. The trustee or beneficiaries may then maintain an action for restitution of the property (if not already disposed of) or disgorgement of proceeds (if already disposed of), and disgorgement of the third person's profits derived therefore.

*Id.* (citing Restatement (Second) of Trusts §§ 284, 291, 294, 295, 297 (1957), G. Bogert, Law of Trusts and Trustees § 866, pp. 95-96 (rev. 2d ed. 1995), and others). The common law of trusts is similarly instructive on whether a fiduciary can seek contribution or indemnification from a non-fiduciary who knowingly participated in the fiduciary's breach.

Under the common law,

> [t]he trustee and third party may be joined in a suit for recovery of the value of the lost trust property. The liability of the trustee and third party is joint and several. If the trustee is obliged to pay the whole claim, he may under some circumstances have a right of contribution from his co-defendant, the third party who participated with him in the breach.

G. Bogert, The Law of Trusts and Trustees § 868, p.108 (rev. 2d ed. 1995). This common law rule makes good sense. Because a non-fiduciary who participates in a fiduciary's breach can be held jointly liable, in the same way as a breaching co-fiduciary, it would make no sense to treat the participating non-fiduciary differently from the breaching co-fiduciary with regard to the right of contribution. In particular, the Court sees no good reason why a knowing participant in a

9

breach should be treated more favorably than a co-fiduciary.

Accordingly, the Court finds that the federal common law that supplements ERISA permits a fiduciary to seek contribution from a knowing participant in the fiduciary's breach. There is no need at this time to elaborate on what the fiduciary must prove to be entitled to contribution. For present purposes, it suffices to say that Prudential and Murphy have failed to show that there is no set of facts under which the Administrative Defendants can seek contribution from Prudential and Murphy. Accordingly, Prudential and Murphy's motions to dismiss are denied to the extent that the Administrative Defendants seek contribution under Count 2.

*Right to contribution or indemnification under RICO*

It appears that the Administrative Defendants also seek contribution or indemnification from Prudential and Murphy in the event that the Administrative Defendants are held liable for violating RICO. The Administrative Defendants can seek contribution or indemnification only if federal law creates a right to it in RICO cases. *See Donovan*, 752 F.2d at 1179. Several district courts have considered whether a defendant can seek contribution or indemnification in civil RICO actions; all have concluded that no such right to contribution or indemnification exists. *See, e.g., First American Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1118 (D.D.C. 1996); *Friedman v. Hartmann*, 787 F. Supp. 411, 415-18 (S.D.N.Y. 1992); *O & K Trojan, Inc. v. Municipal & Contractors Equipment Corp.*, 751 F. Supp. 431, 433 (S.D.N.Y. 1990); *Minpeco v. Conticommodity Services, Inc.*, 677 F. Supp. 151, 154-55 (S.D.N.Y. 1988); *In re Olympia Brewing Co. Securities Litigation*, 674 F. Supp. 597, 616-17 (N.D. Ill. 1987); *Seminole Electric Cooperative, Inc. v. Tanner*, 635 F. Supp. 582, 584 (M.D. Fla. 1986); *Central Illinois Savings & Loan Ass'n v. DuPage County Bank of Glendale Heights*, 622 F. Supp. 1493, 1498-99 (N.D. Ill.

1986); *Miller v. Affiliated Financial Corp.*, 624 F. Supp. 1003, 1004 (N.D. Ill. 1985); and *Boone v. Beacon Building Corp.*, 613 F. Supp. 1151, 1154-55 (D.N.J. 1985). The Court is persuaded by the reasoning in these cases – exemplified by the thorough discussions in *Boone*, *Central Illinois Savings & Loan*, *Seminole Electric* and *Friedman* – that defendants in civil RICO actions are not entitled to seek either contribution or indemnification from third parties. Accordingly, the Court grants Prudential and Murphy's motion to dismiss the Administrative Defendants' cross claim to the extent that the Administrative Defendants seek contribution or indemnification for damages awarded to the plaintiffs under Counts 6 or 8.

## Conclusion

For the reasons stated above, the Court grants in part and denies in part Prudential and Murphy's motions to dismiss the Administrative Defendants's cross-claim. [docket # 228, 245]

MATTHEW F. KENNELLY
United States District Judge

Date: August 5, 2004