# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1550 | **DATE** | 10/19/2004 |
| **CASE TITLE** | Daniels vs. Bursey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the plaintiffs' motion for leave to amend their second amended complaint to withdraw their class allegations is granted (339-1). Defendants' motion for joinder in the plaintiffs' motion is granted (335-1). Plaintiffs are granted leave to file instanter their proposed third amended complaint. Plaintiffs' motion for class certification (207-1) is terminated as moot. The case remains set for a status hearing on 10/21/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 2 1 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 346 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | |
| OR | courtroom deputy's initials | 2004 OCT 20 PM 5: 25 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN DANIELS, et al., )
)
Plaintiffs, )
)
vs. ) Case No. 03 C 1550
)
WAYNE BURSEY, et al., )
)
Defendants. )

DOCKETED
OCT 21 2004

MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case, attorneys at a Chicago law firm and the law firm itself, sued the defendants for claims arising from the marketing to the plaintiffs of a STEP plan, a particular type of employee benefit plan, and the later administration of the plan. They also sought to represent a class of persons and/or entities that had adopted similar plans, whether marketed or administered by those involved with the plaintiffs' plan or by other entities.

Earlier this year, the plaintiffs filed a motion for class certification, and the defendants responded. The plaintiffs, who are represented by Chicago counsel and John Koresko, an attorney from Bridgeport, Pennsylvania, engaged in settlement negotiations with the defendants, and as a result they sought to delay the filing of their reply brief on the motion for class certification. The Court granted this request.

Magistrate Judge Sidney Schenkier then conducted a series of settlement conferences that resulted in an agreement to settle the named plaintiffs' individual claims and withdraw their class claims. This was followed by a motion to amend the complaint to withdraw the class allegations.

Attorney Koresko has objected to the motion. For the reasons stated below, the motion to amend is granted.

## Discussion

Mr. Koresko purports to speak on behalf of the absent members of the putative class who, he claims, will be left high and dry by the settlement and amendment of the complaint. The Court assumes for purposes of discussion that Mr. Koresko has standing to object to the motion for leave to amend.[1]

Mr. Koresko's objection is premised on his contention that when a case is filed as a putative class action, it may not be settled on an individual basis without court approval under Federal Rule of Civil Procedure 23(e), even if a class has not yet been certified. This contention is without merit. Rule 23(e)(1)(A), as amended in 2003, makes it clear that the Rule's requirement of court approval applies only to settlements "of the claims, issues, or defenses *of a certified class.*" Fed. R. Civ. P. 23(e)(1)(A) (emphasis added). *See, e.g.,* 5 J. Moore, Moore's Federal Practice ¶ 23.160 at p. 23-486 (2004). Even though this provision of the amended Rule did not take effect until after the present case was filed, a new procedural rule applies to cases that were pending at the time the rule takes effect. *See Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.,* 202 F.3d 957, 958 (7th Cir. 2000).

The settlement in this case that was negotiated under Magistrate Judge Schenkier's supervision disposes only of the individual claims of the named plaintiffs. The class claims are

---

[1] It is unlikely that Mr. Koresko or the absent members of the uncertified class have such standing. *See* Fed. R. Civ. P. 23(e)(4)(A) ("Any class member may object to a proposed settlement, voluntary dismissal, or compromise *that requires court approval under Rule 23(e)(1)(A)*"); *id.* 23(e)(1)(A) (requiring court approval only of a settlement of the claims, issues, or defenses of a certified class).

not being dismissed, rather they are being withdrawn by amendment. Thus the "two dismissal rule" of Federal Rule of Civil Procedure 41(a)(1), cited by Mr. Koresko, does not apply and cannot operate to affect the claims of the absent class members.

Each of the defendants concedes that the settlement of the named plaintiffs' individual claims and their withdrawal of their class allegations will have no preclusive effect on the claims of any absent class members. Any of the absent class members will be perfectly free to file his or her own lawsuit, unimpaired in any way by the settlement of the individual claims of the named plaintiffs or the withdrawal of their class claims. Moreover, because the statute of limitations is tolled for absent class members while a case is pending, *see Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000), the claims of the absent class members will not be impaired in any way by the settlement or by the passage of time between the filing of the case and its disposition.

Mr. Koresko appears to argue that even if Rule 23(e) does not require court approval, the Court should nonetheless intervene. The short answer to this is that apart from approving amendment of the complaint, the law does not entitle the Court to prevent the settlement of the individual claims that the parties have negotiated. The Court is required to approve the proposed amendment of the complaint, but on that score the Rules provide that leave "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and the Court, applying that standard, finds that the amendment requested by the plaintiffs should be permitted. The cases cited by Mr. Koresko in which amendment was refused involved situations where another party in the case would be unfairly prejudiced in some way. Such is not the case here. Though the Court might balk at approving the proposed withdrawal of the class allegations if we believed the putative members of uncertified class would be prejudiced, Mr. Koresko's contentions that they will be

3

harmed are unconvincing.

Finally, this case is nothing like *Weiss v. Regal Connections*, ___ F.3d ___, 2004 WL 2175011 (3d Cir. Sept. 29, 2004), in which the Third Circuit recently barred a defendant from using the device of a Rule 68 offer of judgment to strong-arm the elimination of a putative class' claims. The settlement in the present case, by contrast, was negotiated among all the named parties under the supervision of a magistrate judge. There is no basis to "exercise" non-existent authority to disapprove it under the guise of denying leave to amend.

The Court has considered all of Mr. Koresko's remaining arguments and has found them lacking in merit.

## Conclusion

For the reasons stated above, the plaintiffs' motion for leave to amend their second amended complaint to withdraw their class allegations is granted [docket # 339-1]. Defendants' motion for joinder in the plaintiffs' motion is granted [docket # 335-1]. Plaintiffs are granted leave to file *instanter* their proposed third amended complaint. Plaintiffs' motion for class certification [docket # 207-1] is terminated as moot. The case remains set for a status hearing on October 21, 2004 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 19, 2004